UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JOSEPH WEBSTER** <br><br> Plaintiff, <br><br> vs. <br><br> **JOHN HEAD, M.D., ET AL.,** <br><br> Defendant. | **2:21-CV-11935-TGB-APP** <br><br> **ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND SUMMARILY DISMISSING ACTION** |

Plaintiff Joseph Webster filed this *pro se* action on August 19, 2021, asserting subject matter jurisdiction through federal question jurisdiction pursuant to 28 U.S.C. §1331. ECF No. 1. On the same day, Plaintiff filed an application to proceed *in forma pauperis*. ECF No. 2.[1]

Indigent litigants may request a waiver of filing fees under 28 U.S.C. § 1915. Having reviewed Plaintiff's application to proceed *in forma pauperis*, this Court GRANTS that application.

Because Plaintiff is proceeding *in forma pauperis*, the applicable statute requires this Court to dismiss this case, at any time, if it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(2)(b)

---

[1] Plaintiff filed a similar complaint against two defendant psychiatrists and the Honorable Judge Sean F. Cox summarily dismissed the case with prejudice. *See Webster v. Vigor*, No. 2:21-CV-11988, 2021 WL 4636023 (E.D. Mich. Oct. 7, 2021).

("the court shall dismiss the case at any time if the court determines that" the action "fails to state a claim on which relief may be granted."). In addition, even where a plaintiff has paid the filing fee, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d. 477, 479 (6th Cir. 1999).

"[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.F. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998). Under 28 U.S.C. §1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Because subject matter jurisdiction may be challenged at any time, even on appeal after the district court case has concluded, the Sixth Circuit recently stressed that it expects parties to be "meticulous" as to jurisdictional allegations. *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019). Plaintiff's complaint in this action is not meticulous as to its jurisdictional allegations.

In the short-form complaint, Plaintiff lists the following as the basis for federal question jurisdiction: "362 personal injury, medical malpractice, constitutional tort, "injunction?" and 895 F.O.I.A. ECF No. 1, at

PageID.4. In the nature of suit section, Plaintiff only checked the "personal injury - medical malpractice" box. ECF No. 1, at PageID.13. Construing Plaintiff's complaint liberally, this Court presumed Plaintiff's cite to "895 FOIA" was in reference to the federal statute 5 U.S.C. §552 and informed Plaintiff that the Court does not have jurisdiction to review a FOIA request to a state agency. Plaintiff's Complaint did not list any other specific federal statute upon which his claims are based.

Consequently, the Court was not persuaded that Plaintiff had adequately alleged the necessary facts to establish the existence of federal question jurisdiction. On December 9, 2021, the Court ordered: "Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, on or before **December 20, 2021**, why this case should not be dismissed for lack of federal question jurisdiction. ECF No. 41. Specifically, Plaintiff was instructed to identify how his claims are founded upon federal law pursuant to 28 U.S.C. § 1331."

Plaintiff responded on December 14, 2021. ECF No. 44. From this handwritten response and the attached exhibits, the Court gathers that Plaintiff is trying to allege an Eighth Amendment violation by challenging his prescribed anti-psychotic medications and the accompanying psychiatric evaluations that were performed while on parole. ECF No. 44, PageID.464-65.

3

Although this Court is mindful that *pro se* complaints must be liberally construed, the Court concludes that even when so construed, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." FED. R. CIV. P. 8 (a). While this standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 8 "demands more than an unadorned, the defendant unlawfully-harmed me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Supreme Court has held that in order to state a claim for medical mistreatment under the Eighth Amendment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). "To prove this type of claim under 42 U.S.C. § 1983, a prisoner must show both that a defendant acted under color of state law and that the defendant was deliberately indifferent to the prisoner's serious medical needs. *Phillips v. Tangilag*, 14 F.4th 524, 532, 2021 WL 4237164 \*4 (6th Cir. 2021).

First, Plaintiff has failed to allege facts indicating whether Defendant John Head is a "state actor" subject to suit under § 1983. "Private parties do not automatically become state actors simply by caring for prisoners." *Phillips*, 14 F.4th at 533, 2021 WL 4247164 *4.

Second, even assuming that at least Defendants Michael Eagen (Parole Board Member) and Heidi E. Washington (Director of MDOC) are state actors, Plaintiff fails to allege facts demonstrating that any Defendant was "deliberately indifferent" to his medical needs. From what the Court can discern from his handwritten Complaint, Plaintiff merely disagrees with the conclusions the Defendants made in their psychiatric evaluations. Plaintiff describes the effect of years of "forced psychiatric injections" as "debilitating" but he does not allege that either Defendant harmed or punished him or that either Defendant was deliberately indifferent to his medical needs. *Id.* at PageID.464.

Accordingly, for the reasons stated above, the Court hereby **GRANTS** Plaintiff's application to proceed *in forma pauperis*, but at the same time the Court concludes that, even with a liberal reading of the allegations in Plaintiff's Complaint, the Court is unable to discern any cognizable claim against Defendants. Accordingly, **IT IS ORDERED** that this action is **DISMISSED** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and FED. R. CIV. P. 12(b)(1).

**IT IS FURTHER HEREBY ORDERED**, that Plaintiff's duplicative motions to join additional defendants (ECF Nos. 8, 9, 10, 35, 37, 47) are **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: August 17, 2022  s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE